UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIDGEPORT MUSIC, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:01-0780 |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| SMELZGOOD ENTERTAINMENT, INC., ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Todd J. Campbell, Chief District Judge

### REPORT AND RECOMMENDATION

Currently pending in this civil action is the Motion of Defendants UMG Recordings, Inc.[1] and Universal Music Group, Inc.[2] (collectively, "UMG") for Summary Judgment. (Docket Entry No. 88.) In support of the Motion, UMG has filed a memorandum of law, (Docket Entry No. 89), a statement of facts, (Docket Entry No. 90), and a declaration of Mark E. Mayer with eighteen exhibits, (Docket Entry No. 91).

Plaintiffs Bridgeport Music, Inc. and Southfield Music, Inc. have filed a memorandum of law in opposition to UMG's Motion, (Docket Entry No. 98), a declaration of Dr. Alexander Stewart with two exhibits, (Docket Entry No. 100), a declaration of Jane

---

[1]This Defendant is listed on the docket as Interscope-Geffen-A&M *individually a division of* Universal Music Group, Inc. *successor* A & M Records, Inc.

[2]This Defendant claims to be erroneously named. (Docket Entry No. 89 n. 1.)

1

Peterer with twelve exhibits, (Docket Entry No. 101), a declaration of Clement Yonkers with one exhibit, (Docket Entry No. 102), a declaration of Ramona P. DeSalvo with six exhibits, (Docket Entry No. 103), a response to UMG's statement of facts, (Docket Entry No. 104), and a statement of additional material facts, (Docket Entry No. 107).

The Magistrate Judge denied UMG's motion for leave to file a reply memorandum on July 25, 2006. (Docket Entry No. 111.)[3]

On July 31, UMG filed a response to Bridgeport's statement of additional facts. (Docket Entry No. 113.)

On July 31, 2006, UMG also filed evidentiary objections to the declarations of Ramona DeSalvo ("DeSalvo"), Dr. Alexander Stewart ("Dr. Stewart"), and Jane Peterer ("Peterer"). (Docket Entry No. 114.) These objections are largely well taken. The declaration of Dr. Stewart purports to be that of an expert; however, it sounds in more legal argument than expert opinion. The report prepared by Dale Cockrell, Ph.D. which is included as an exhibit to DeSalvo's declaration, (Docket Entry No. 101, ex. C), is largely hearsay as DeSalvo cannot testify to the conclusions drawn by Dale Cockrell, Ph.D. The Magistrate Judge does find that Peterer's testimony is generally appropriate, though some of her statements go astray from issues to which she

---

[3]In this order, the Magistrate Judge stated "the plaintiffs' practice of filing statement of undisputed facts at a late date causes some difficulty." Plaintiffs' counsel later reminded the Magistrate Judge of an order granting an extension of time, (Docket Entry No. 109).

2

can testify.

Even excluding all of the evidence to which UMG objects, the Magistrate Judge has listened to the recordings provided by the parties. The Magistrate Judge concludes, as UMG concedes in its last objection, that the evidence to which UMG objects is irrelevant. By raising objections, UMG creates a tempest in a teapot and further assures the Magistrate Judge that summary judgment is not appropriate in this case.

For the following reasons, the Magistrate Judge recommends that UMG's Motion be **DENIED** and the case proceed to trial, which is scheduled for October 17, 2006.

## II. PROCEDURAL HISTORY

As all associated with this case are well aware, it is a part of litigation pending in this Court since May 4, 2001. Plaintiffs and others filed a prodigious complaint against some seven hundred defendants under Case No. 3:01-0412. On August 1, 2001, Judge Todd J. Campbell severed the original case into 476 separate cases. At that time, Case No. 3:01-0780 was assigned to the case at bar.

On February 1, 2002, Judge Campbell transferred this case to Judge Thomas A. Higgins. (Docket Entry No. 43.) On February 11, 2002, Judge Higgins stayed all proceedings in this case pending the outcome of the first ten related cases. (Docket Entry No. 46.)

Judge Higgins lifted the stay for various limited purposes during the approximately three years to follow. (Docket Entry Nos. 56, 58, 59, 61, 65.) Judge Higgins lifted the stay for UMG to file the instant Motion on May 11, 2005. (Docket Entry No. 61.)

On January 25, 2006, this case was reassigned from Judge Higgins to Chief Judge Campbell. (Docket Entry No. 81.) Chief Judge Campbell lifted the stay on January 27, 2006 and referred the case to the undersigned. (Docket Entry No. 82.)

UMG filed the instant Motion on June 19, 2006. (Docket Entry No. 88.)

Co-defendant Smelzgood Entertainment, Inc. was dismissed for lack of service of process on January 8, 2002. (Docket Entry No. 29.) Judge Higgins entered an agreed order of dismissal with regard to co-defendant Songwriter Services, Inc. on February 28, 2003. (Case No. 54.) Therefore, the instant Motion is case dispositive.

### III. RELEVANT FACTS

This case involves an allegation of copyright infringement by an interpolation of portions of the musical composition "Atomic Dog" in the musical composition "D.O.G. In Me." (Am. Compl. ¶ 65.) "Atomic Dog" was composed in 1982 by George Clinton, David Spradley, and Gary Shider. (Docket Entry No. 104 ¶ 1.) "D.O.G. In Me" was performed by the artist Public

4

Announcement and was released on the "All Work, No Play" album in March of 1998 on A&M Records, a division of UMG. (Id. ¶ 3.) Plaintiffs own the musical composition copyright to "Atomic Dog." (Id. ¶ 1.)

Plaintiffs allege that "D.O.G. In Me" contains interpolations of the phrase "bow wow wow yippee yo yippee yay, bow wow yippee yo yippee yay," (the "bow wow phrase"), which originally appeared in "Atomic Dog." (See id. ¶¶ 6-7.) Plaintiffs further allege that "D.O.G. In Me" contains either interpolations or samples of rhythmic panting and "daawg" in a low pitched male voice with reverb added, which were originally used in "Atomic Dog." (Docket Entry No. 98 at 5.) UMG states that Plaintiffs' response memorandum was the first that it had heard of the rhythmic panting and "daawg" elements.[4] (Docket Entry No. 110.)

IV. DISCUSSION

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the

---

[4]The Magistrate Judge makes no findings as to when the full basis of Plaintiffs' infringement claim was disclosed to UMG. At the very least, UMG now knows of the rhythmic panting and "daawg" elements. Were the Magistrate Judge to find any sufficient support for the alleged lack of originality of the bow wow phrase, he would reach this point. However, the Magistrate Judge concludes herein that UMG has not carried its burden, and therefore, that those elements need not be considered.

5

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party bears the initial burden of showing that no genuine issues of material fact remain in dispute. <u>Nat'l Solid Wastes Mgmt. Ass'n v. Voinovich</u>, 959 F.2d 590, 592 (6th Cir. 1992).

"When a motion for summary judgment is made and supported . . . , an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); <u>see also</u> <u>Nat'l Solid Wastes Mgmt. Ass'n</u>, 959 F.2d at 592.

In reviewing the record, all justifiable inferences should be drawn in the light most favorable to the non-moving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 577, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

UMG claims that the bow wow phrase is not original or copyrightable, and therefore argues that any use of the bow wow phrase in "D.O.G. In Me" could not constitute infringement. (Docket Entry No. 88 at 1.) "The <u>sine qua non</u> of copyright is originality." <u>Feist Publ'ns, Inc. v. Rural Telephone Service Co.</u>, 499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to

6

copied from other works), and that it possesses at least some minimal degree of creativity."  Id. (citing 1 M. Nimmer & D. Nimmer, Copyright §§ 2.01[A], [B] (1990)).

UMG has failed to show that either prong of this originality test has not been met.

UMG argues that the phrases "bow wow" and "yippie yo yay" are commonplace phrases used to describe, respectively, a dog's bark and wolves' and coyotes' howls.  (Id. at 6-7.)

The undersigned agrees with this characterization of the phrases.  However, by dissecting copyrightable material into its smallest forms, a party can always find non-unique words and phrases.  Indeed, "[i]n assessing originality, courts must be mindful of the limited number of notes and chords available to composers and the resulting fact that common themes frequently appear in various compositions, especially in popular music."  Newton v. Diamond, 204 F. Supp. 2d 1244, 1252 (C.D. Cal. 2002).  Likewise, courts must be mindful of the limited number of words or phrases in any particular language available to lyricists.

The Plaintiffs' expert, Dr. Stewart, declares that "[i]t is precisely the *combination* of the two ideas – the cowboy, an icon of manhood or machismo, and the dog, a symbol of instinctual drive – that gives the phrase its power."[5]  (Docket Entry No. 100

---

[5] UMG objects to this statement "because ideas are not copyrightable." (Docket Entry No. 114 ¶ 5 (citing Mazer v. Stein, 347 U.S. 201, 217, 74 S. Ct. 460, 98 L. Ed. 630 (1954)).)  Dr. Stewart does not declare that any idea is copyrightable.  Instead, Dr. Stewart declares that the expression of the

7

¶ 4 (emphasis in original).)

Therefore, any instances in which "bow wow," "bow wow wow," and "yippee yo yay" are used separately are irrelevant, despite the significant amount of space in UMG's memorandum devoted to discussing as much.

UMG also spends an inordinate amount of space discussing how minimally the bow wow phrase is used in "D.O.G. In Me." UMG seems to lose track of the issue involved in its Motion. UMG's assertion that the bow wow phrase is not copyrightable does not require the Court to consider any part of "D.O.G. In Me."

UMG also emphasizes that the bow wow phrase is monotone. (Id. a 4.) UMG states that this means that the phrase "does not contain any melody." (Id.) However, repetition of a single note is indeed a melody, which, though not alone copyrightable, enjoys copyright protection when combined with rhythm and lyric. See Levine v. McDonald's Corp., 735 F. Supp 92, 99 (S.D.N.Y. 1990).

Finally, UMG does not address the rhythmic pattern of the bow wow phrase. The infringement here is alleged to be of a musical composition, and a musical composition is the cumulation of lyric, melody, and rhythm.

UMG directs the Court to several decisions in which courts have summarily adjudicated copyright infringement cases. At the forefront of its argument, UMG places Murray Hill Publications,

---

combination of cowboy and dog ideas in the bow wow phrase is copyrightable.

8

Inc. v. ABC Communications, Inc., 264 F.3d 622 (6th Cir. 2001). In Murray Hill, the Sixth Circuit held that a line spoken by a radio disc jockey in the background of a diner scene in a movie was not subject to copyright protection. Id. at 627-28, 632-34. The line was "Good morning, Detroit. This is J.P. on JR in the A.M. Have a swell day." Id. at 627. The court stated, "although the Movie, taken as a whole, warrants copyright protection, individual lines of dialogue are not automatically entitled to copyright protection." Id. at 632.

UMG calls Murray Hill "directly on point." (Docket Entry No. 89 at 7.) The undersigned disagrees. At issue in Murray Hill was a phrase used in a movie and at issue here is a phrase used in a song. The bow wow phrase constitutes a greater percentage of the entire work than the phrase used in Murray Hill. Also, "Atomic Dog" combines rhythmic and melodic elements with words, whereas the phrase in Murray Hill was simply spoken. Furthermore, the bow wow phrase appears prominently in the chorus of "Atomic Dog," whereas the line in Murray Hill appeared in the background of a movie scene. Although the Murray Hill court stated that "individual lines of dialogue are not automatically entitled to copyright protection," the court did not intend to create a presumption that individual lines are not copyrightable. See id. at 632-34.

UMG further argues that the bow wow phrase is not

9

copyrightable because the Code of Federal Regulations ("CFR") states that "[w]ords and short phrases such as names, titles, and slogans" are not subject to copyright protection. 37 C.F.R. § 202.1(a). The bow wow phrase is a portion of a musical composition and includes lyrical, rhythmic, and melodic elements. It is greater than a word or short phrase as contemplated in the CFR, or as typically applied by the courts. See, e.g., Sem-Torq, Inc. v. K Mart Corp., 936 F.2d 851, 854-55 (6th Cir. 1991). UMG has not directed the Court to any authority applying this principle to a phrase like the bow wow phrase. See Damiano v. Sony Music, 975 F. Supp 623 (D.N.J. 1996) (summary judgment for defendants on an infringement claim based on use of lyrics from five works and music from a sixth); Jean v. Bug Music, Inc., 2002 WL 287786 at *1 (S.D.N.Y. 2002) (summary judgment for defendants on an infringement claim because the phrase used common musical and lyrical phrases that had been used in other recordings); Smith v. George E. Muehlebach Brewing Co., 140 F. Supp. 729, 730 (W.D. Mo. 1991) (case dismissed where plaintiff only added a musical interpretation of a clock ticking and conceded that lyrics were in the public domain).

Dissecting the bow wow phrase down to its smallest elements and showing that those elements are unoriginal does not show that the entire phrase is unoriginal. UMG has not directed the Court's attention to any use of the entire bow wow phrase other

10

than in "Atomic Dog" and "D.O.G. In Me."

Because UMG has failed to show that the bow wow phrase is not subject to copyright protection, it has failed to show that it is entitled to judgment as a matter of law. The originality of the bow wow phrase is a question that should be left to the jury.

## V.  RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that UMG's Motion for Summary Judgment be **DENIED** and the case proceed to trial on October 17, 2006.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this   2nd   day of August, 2006.

>  /s/ Joe B. Brown
> JOE B. BROWN
> United States Magistrate Judge